IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DOROTHY SAUNDERS the wife of
decedent TYRONE SAUNDERS, deceased,

        Plaintiff,

v.                                          CIVIL ACTION NO. 3:10-0746

UNION CARBIDE CORPORATION and
DOW CHEMICAL COMPANY

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Union Carbide Corporation and Dow Chemical Company's motion to dismiss (Doc. 7). For the reasons stated below, the motion is **GRANTED.**

**Background**

This suit arises out of injuries to and the May 7, 2008, death of Tyrone Saunders, the deceased husband of Plaintiff Dorothy Saunders. Tyrone Saunders worked for Defendants from June 1977, until May or June 2001. Over this period, Mr. Saunders was present during, and otherwise involved in, three occupational chemical spills, in 1985, 1995 and 1997. Additionally, Mr. Saunders apparently suffered from occupational exposure to asbestos and other illness-inducing chemicals over the course of his employment, at a minimum from April 1978 to June 2001. Mr. Saunders died on May 7, 2008, and, according to the death certificate issued on May 13, 2008, his death was caused by pulmonary sarcoidosis, resulting from "Occupational exposure to asbestos." *See Certificate of Death* (Doc. 13).

Plaintiff filed a *pro se* complaint against Union Carbide Corporation and Dow Chemical

Company on May 18, 2010.  In the complaint, Mrs. Saunders does not specify a cause of action. However, *pro se* pleadings are to be liberally construed and the Court reads the complaint to raise personal injury and wrongful death claims on behalf of Mr. Saunders and his surviving spouse.

On June 14, 2010, Defendants filed a motion to dismiss, arguing that Plaintiff's personal injury and wrongful death claims are time-barred.  On June 15, 2010, the Court issued a notice to Plaintiff concerning Defendants' motion and specifically informing her: "that she has the right to file a response to Defendants' motion within fourteen days;" "that a failure to respond to the motion may result in entry of judgment denying the relief sought in the Complaint and dismissing the suit;" and "that the submission of a response ... will be the only opportunity she has to respond to Defendants' motion." *See* Doc. 12.  Plaintiff filed a letter-form response on June 24, 2010.  The response contained several records, including: (1) a letter from the W.V. Bureau of Employment Programs, dated August 28, 2003, which informs Tyrone Saunders that his application for occupational pneumoconiosis benefits was accepted and the agency determined Union Carbide Corporation 100% responsible; (2) the W.V. Workers' Compensation Fund application completed by Tyrone Saunders in 2001; (3) a discharge summary from St. Mary's Hospital, dated December 4, 1995; and (4) a report from a medical doctor who saw Mr. Saunders in 2003.  *See* Doc. 13.  The response did not address the statute of limitations defense raised by Defendants.

On July 7, 2010, Defendants filed their reply.  Accordingly, the motion to dismiss is ripe for determination.

**Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted.  A Rule 12(b)(6) motion tests the sufficiency of the pleading.  It does not resolve factual disputes, the merits of a claim, or the applicability of all defenses.  *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, the claims must be viewed in the light most favorable to the non-moving party and all factual allegations are accepted as true. *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991).  Dismissal is appropriate if the facts alleged do not raise a right to relief above the speculative level or provide enough facts to state a claim to relief that is plausible on its face.  *See Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  The court "may consider documents attached to the complaint as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Trimble*, 484 F.3d at 705 (internal citations omitted).

**Analysis**

The issue presented here is whether Plaintiff's claims are time-barred.  West Virginia has a set of laws, known as statutes of limitations, which set the time limits for suing in civil cases based on the date when a plaintiff's claim accrued (i.e. when the injury occurred or was discovered).  *See Black's Law Dictionary* (8th ed. 2004) (defining "statute of limitation" as "a law that bars a claim

after a specified period"). West Virginia Code §§ 55-2-12(b) and 55-7-6(d), respectively, set the statutes of limitations for personal injury and wrongful death claims. The statutes set the time period for suing on a personal injury or wrongful death claim as two years. *See W.V. Code § 55-2-12(b)*; *W.V. Code § 55-7-6(d).*

In West Virginia, statutes of limitations for tort claims are subject to the discovery rule. Syl. Pt. 3, *Gaither v. City Hosp., Inc.*, 487 S.E.2d 901 (W. Va. 1997); *see also* Syl. Pt. 7*, Bradshaw v. Soulsby*, 558 S.E.2d 681 (W. Va. 2001) (applying the discovery rule to actions arising under the wrongful death act). This means that "the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim." *Id.* at Syl. Pt. 2. Said differently,

> under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury. *Id.* at Syl. Pt. 4.

The question presented here is whether Tyrone or Dorothy Saunders knew, or by the exercise of reasonable diligence should have known, about the personal injury and wrongful death claims alleged more than two years before filing the instant complaint, on May 18, 2010. The simple answer is yes. Therefore, the Court **FINDS** Plaintiff's complaint is time-barred and must be **DISMISSED.**

In her complaint, Plaintiff specifically alleges that Tyrone Saunders was injured as a result of chemical spills that occurred in 1985, 1995 and 1997. The information provided in association with Plaintiff's response shows that Tyrone Saunders received medical treatment for sarcoidosis as early as November 1995. It shows that he applied for worker's compensation for occupational pneumoconiosis related to his work with Union Carbide in 2001. *See* Doc. 13. Additionally, the

submitted materials show: (1) that the W.V. Bureau of Employment Programs accepted Mr. Saunders' application and determined his former employer, Union Carbide Corporation, 100% liable for Mr. Saunders' occupational pneumoconiosis, on August 28, 2003; and (2) that Mr. Saunders' date of last exposure to workplace chemicals occurred on June 29, 2001. *Id.* Dorothy Saunders also provided the Court with a copy of Tyrone Saunders' death certificate, issued May 13, 2008, which specifies that Mr. Saunders died of pulmonary sarcoidosis, caused by "Occupational exposure to asbestos." *Id*.

In light of these submissions, the Court **FINDS** that Plaintiff knew or by reasonable diligence should have known of her claims more than two years before filing suit, on May 18, 2010. Specifically, the record reflects that Tyrone Saunders was treated for sarcoidosis as early as 1995; that he explicitly claimed work-related injuries resulting from exposure in 2001, with his date of last exposure listed as June 29, 2001; and that Mrs. Saunders was notified that Tyrone Saunders' death was the result of occupational exposure to chemicals, at the latest, on May 13, 2008. Each of these events occurred more than two years before filing. Consequently, Plaintiff's claims are time-barred and the complaint is **DISMISSED.**

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 8, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE